**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 4 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FAUSTINO LUNA PEINADO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-2372

Agency No.
A206-191-998

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2025[**]
Seattle, Washington

Before: RAWLINSON, BRESS, and BUMATAY, Circuit Judges.

Faustino Luna-Peinado (Luna-Peinado), a native and citizen of Mexico,

petitions for review of a Board of Immigration Appeals (BIA) decision dismissing

his appeal from an Immigration Judge's (IJ) decision denying his application for

cancellation of removal. We deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Application of the exceptional and extremely unusual hardship "statutory criterion . . . to a set of established facts . . . is a question of law over which 8 U.S.C. § 1252(a)(2)(D) provides judicial review." *Wilkinson v. Garland*, 601 U.S. 209, 217 (2024) (alteration and internal quotation marks omitted). However, we review for substantial evidence "whether the BIA erred in applying the exceptional and extremely unusual hardship standard to a given set of facts." *Gonzalez-Juarez v. Bondi*, No. 21-927, --- F.4th ----, 2025 WL 1440220, at *5 (9th Cir. May 20, 2025).

Substantial evidence supports the BIA's determination that the hardship to Luna-Peinado's two U.S. citizen children would not rise to the level of "exceptional and extremely unusual" if he were removed. 8 U.S.C. § 1229b(b)(1)(D); *see Gonzalez*, 2025 WL 1440220, at *5. The IJ found that Luna-Peinado's children were in good health and performing well in school. Because both children would remain in the United States and live with their mother, Luna-Peinado's domestic partner, they would retain access to their medical care, health insurance, government food assistance, and schooling. The IJ acknowledged that Luna-Peinado's domestic partner had an anxiety disorder, but found that her condition was managed with medication and she was able to work at her job painting pallets and operating machinery. Additionally, the IJ found that even though there would be some financial impact on the children if Luna-Peinado were

removed, the children would receive financial support from their mother's salary, supplemented by possible support from their aunt, and their church.

Accordingly, the record does not compel the conclusion that any hardship faced by Luna-Peinado's children would be "significantly different from or greater than the hardship that a deported [non-citizen's] family normally experiences." *Gonzalez-Juarez*, 2025 WL 1440220 at *7 (citation omitted).

**PETITION DENIED.**[1]

---

[1] The stay of removal will remain in place until the mandate issues. The motion for stay of removal (Dkt. No. 32) is otherwise denied.